No. 84-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

RONALD LEE RONNINGEN,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Harold F. Hanser, County Attorney, Billings,
        Montana

    For Respondent:

        Law Offices of Russell K. Fillner, Billings,
        Montana

---

Submitted on Briefs:  August 2, 1984

Decided:  November 20, 1984

Filed:  NOV 21 1984

*Ethel M. Harrison*

---

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The State of Montana appeals from an order of the Yellowstone County District Court dismissing a misdemeanor charge filed against the defendant, Ronald Lee Ronningen, because of the State's failure to bring the matter to trial within the statutorily mandated six -month period for all misdemeanors. The trial court ruled that the sole question under the statute is whether the State demonstrated "good cause" for the delay, and that the State did not do so. We affirm.

The State argues first that the trial court erred because it did not consider, in addition to the "good cause" requirement of the statute, other factors that may bear on delay attributable to the State. Second, the State argues that it did establish "good cause" for the delay beyond the six-month deadline of the statute. The statute applies only to misdemeanors. Section 46-13-201(2), MCA, provides:

"The court, <u>unless good cause to the contrary is shown, must order the prosecution to be dismissed</u> if a defendant whose trial has not been postponed upon his application is not brought to trial within 6 months after entry of plea upon a complaint, information, or indictment charging a misdemeanor." (Emphasis added.)

This statute mandates dismissal of a misdemeanor charge if not brought to trial within six months if defendant has not asked for the postponement and if the State has not shown good cause for the delay. The State effectively concedes and the record shows that defendant did not ask for a postponement. The record is just as clear that the State had several chances to have the trial set within the statutory deadline, but failed to do so.

- 2 -

On October 12, 1983, the State filed a misdemeanor information in Yellowstone County District Court charging defendant with violating section 61-7-103, MCA, a charge that he failed to remain at the scene of a personal injury accident. On the same day, the defendant appeared and pled not guilty and the court set trial for February 28, 1984, well within the six-month statutory deadline. However, on January 15, 1984, the judge who was to preside over the February 28 trial announced his resignation effective on February 3. Despite this announcement the State did nothing to assure that the February 28 trial date was still on. The State neither moved for another judge to preside over the trial nor that another trial date be set before another judge that would be within the six-month statutory deadline.

After the resignation became effective on February 3, the chief district judge issued an order on February 6 declaring that during the vacancy created by the judge's resignation, counsel who had pending criminal matters before the retired judge that required attention, could have a temporary judge assigned upon request. The State failed to ask that a temporary judge be assigned so that the case would be heard on February 28 or on any other date within the statutory deadline.

On February 16, the chief district judge issued a memorandum stating that all hearings, pretrials and trials that had been set for hearing before March 16 by the judge who had retired, would be vacated and reset at a later time. The State knew that the February 28 trial setting was off but that it would have to be reset and tried before the statutory deadline. However, the State did nothing until after the new

- 3 -

judge had been sworn in on March 16, a month after the State was notified that the February 28 trial setting was vacated.

On March 23, counsel for the State met with the new judge and asked that trial be set for defendant. The Court set April 30 as the trial date and March 30 as the omnibus hearing for all motions to be considered. The State's counsel did not inform the judge that the trial setting was beyond the statutory six-month deadline, and clearly consented to the setting.

On March 30, counsel for the State and counsel for defendant met with the trial court for an omnibus hearing to dispose of any pretrial matters. Even then the State did not suggest to the court that a problem existed with relation to the April 30 trial setting, and that it should be either moved up or that the defendant could waive his right to the benefit of the statute. Again, the State did nothing.

On April 12, 1984, the precise date on which six months had expired from the time defendant had entered his plea to the misdemeanor charge, defense counsel moved to dismiss the complaint because defendant had not been tried within the required six months. On April 24, the trial court dismissed the complaint. The State's appeal followed.

We have set forth in the procedural history several instances in which the State had the opportunity to request another trial setting, but failed to do so. The State in effect concedes and the record shows that defendant did not request a postponement. The question is one then of determining whether the State demonstrated "good cause" within the meaning of section 46-13-201(2), MCA, for the delay of trial beyond the six-month deadline. The trial

court held the State did not demonstrate good cause and we also hold that the State did not demonstrate good cause.

The State would have this Court impose a speedy trial constitutional analysis in determining whether "good cause" was met based on the six-month statutory deadline. The speedy trial tests, however, apply only in the case of felonies, and we would be inclined to apply them to misdemeanors only if a statute did not exist that was even more restrictive than the speedy trial tests. Here the statutory deadline set forth in section 46-13-201(2), is more strict than any constitutional analysis would be required to be and we simply use the statute as containing the sole standard of whether "good cause" for the delay has been shown.

The State also argues that defendant must be held responsible for the delay because defense counsel, in signing off the check list at the omnibus hearing, did not indicate that a problem of speedy trial loomed on the horizon. But the statute is clear and the facts are clear. If the defendant requests the postponement the six-month trial deadline does not apply. But if this is not so, then the State must prove the existence of good cause for the delay.

Here the delay, occasioned in part by the resignation of a judge and the appointment of a successor, is not the only institutional delay that inheres in the process given these circumstances. Rather, the State contributed to this delay by its failure to take any action when it had knowledge that the retiring judge would not be presiding over the trial on February 28. The State did nothing until it met with the new judge on March 23 and then the State acquiesced in the trial setting for April 30, set at least two weeks past the

statutory deadline. Neither defendant nor his counsel were present at this hearing, and they can hardly be held responsible for the trial setting.

The District Court order dismissing the misdemeanor charges for failure to comply with the six-month statutory deadline, is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices