No. 97-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 15


STATE OF MONTANA,

Plaintiff and Respondent,

v.

FRANK CHESAREK,

Defendant and Appellant.



APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, Billings, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Patricia J. Jordan,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Shawn P. Cosgrove,
Deputy Yellowstone County Attorney, Billings, Montana



Submitted on Briefs:   January 8, 1998

Decided:    January 30, 1998
Filed:


_____
Clerk


Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Frank Chesarek (Chesarek) appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, on his conviction of the offense of driving under the influence of alcohol (DUI), contending that the District Court erred in denying his motion to dismiss for lack of a speedy trial in the Yellowstone County Justice Court. We affirm.

¶2   The sole issue on appeal is whether the District Court erred in denying Chesarek's motion to dismiss for lack of a speedy trial in the Justice Court.


BACKGROUND

¶3   Chesarek was charged with DUI in the Justice Court. He pleaded not guilty on February 7, 1996, and trial was set for August 7, 1996, approximately 182 days later.


¶4   On August 5, 1996, Chesarek moved to continue the trial date due to his counsel's unavailability for trial and filed a waiver of his right to a speedy trial for any delay attributable to his requested continuance.  The Justice Court rescheduled the trial for December 10 and, on December 5, reset the trial for December 30, 1996, sua sponte.


¶5   On December 23, 1996, Chesarek moved to dismiss for lack of a speedy trial under § 46-13-401(2), MCA.  The Justice Court denied the motion to dismiss, tried Chesarek in absentia and found him guilty of DUI.  Sentence and judgment were entered and stayed.


¶6   Chesarek timely appealed to the District Court and moved to dismiss for lack of a speedy trial in the Justice Court.  He argued that his speedy trial rights had been violated twice: first, because the original trial date was in excess of 180 days after the entry of his plea, thereby violating the 6-month time period within which misdemeanor trials must be held under § 46-13-401(2), MCA; and second, because the State of Montana (State) was responsible for a total of 202 days of pretrial delay prior to the ultimate December 30 trial date, the 6-month limit for trials on misdemeanor charges was exceeded no matter how the statutory 6-month period was calculated.  After briefing, the District Court denied the motion.


¶7   A jury subsequently found Chesarek guilty of DUI, the District Court entered sentence and judgment, and Chesarek appeals from the denial of his motion to dismiss for lack of a speedy trial in the Justice Court.
                    DISCUSSION
         Did the District Court err in denying Chesarek's motion to
         dismiss for lack of a speedy trial in the Justice Court?


¶8   The District Court did not address Chesarek's argument that the original trial date was untimely under § 46-13-401(2), MCA, and rejected his second argument, concluding that Chesarek's motion to continue the original trial date in the Justice Court past the 6-month statutory limit effectively rendered the time limit in § 46-13-401(2), MCA, inapplicable.  On that basis, the District Court denied Chesarek's motion to dismiss for lack of a speedy trial in the Justice Court.  Chesarek asserts that the District Court erred.
He reiterates on appeal the same two arguments raised in that court and also advances a third argument under the Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, speedy trial test.


¶9   Whether a defendant's right to a speedy trial has been violated is a question of law. We review a district court's conclusion of law to determine whether the interpretation of the law is correct.  State v. Keating (Mont. 1997), ___ P.2d ___, ___, 54 St.Rep. 1250, 1252 (citation omitted).

¶10  We recently resolved Chesarek's first argument on appeal that the original August 7, 1996, trial date in the Justice Court did not meet the requirements of § 46-13-401(2), MCA, because it was 182 days after the entry of his plea and, therefore, his right to a speedy trial was violated.  In State v. Hayes, 1998 MT14, ___ Mont. ___, ___ P.2d ___, we interpreted the "6 months" language contained in § 46-13-401(2), MCA, to mean 6 calendar months rather than a specific number of days.  Hayes, §§ 10-11.  More specifically, we determined that the 6-month period set forth in § 46-13-401(2), MCA, begins to run the day after the entry of the plea and expires 6 months later.  Hayes, § 8 (citations omitted).  Thus, as applied in the present case, the statutory 6-month period began on February 8, 1996--the day after Chesarek pleaded not guilty to the DUI charge-- and expired on August 8, 1996.  Chesarek's original trial date of August 7, 1996, fell within that 6-month period and, as a result, we conclude that the original trial date was timely under § 46-13-401(2), MCA, and did not violate Chesarek's right to a speedy trial.

¶11   In his second argument on appeal, Chesarek contends that § 46-13-401(2), MCA, remained applicable in the Justice Court notwithstanding his motion for a continuance. Under this theory, Chesarek's motion for a continuance of the original trial date in the Justice Court merely tolled the running of the statutory 6-month period until December 10, after which it began running again and ran for 20 days before the trial occurred on December 30.  Thus, according to Chesarek, the total pretrial delay chargeable to the State was 202 days--adding the 182 days which ran prior to the original trial date and the 20 days from the December 10 end of his continuance-related speedy trial waiver to the rescheduled trial on December 30--and that time exceeds the 6 months allowed for trial of misdemeanor charges under § 46-13-401(2), MCA.  We disagree.

¶12  Section 46-13-401(2), MCA, provides that
    [a]fter the entry of a plea upon a misdemeanor charge, the court, unless
    good cause to the contrary is shown, shall order the prosecution to be
    dismissed, with prejudice, if a defendant whose trial has not been postponed
    upon the defendant's motion is not brought to trial within 6 months.

We observe, at the outset, that the 6-month period for trial of a misdemeanor charge is only a general rule under the statute.  If "good cause" can be shown for why the trial was not held within 6 months, the court need not dismiss the case.  Moreover, § 46-13-401(2), MCA, explicitly states that the 6-month time period after which a dismissal is required  applies only where a trial "has not been postponed upon the defendant's motion . . . ."  Here, Chesarek moved for a continuance and, pursuant to the plain language of the statute, the expiration of the 6-month period no longer requires dismissal.

¶13  Our cases, while not factually identical, are in accord.  In State v. Crane (1989), 240 Mont. 235, 238, 784 P.2d 901, 903, we quoted State v. Ronningen (1984), 213 Mont. 358, 362, 691 P.2d 1348, 1350, in holding that, if a defendant requests the postponement, "the six-month trial deadline does not apply" and, therefore, the statute has no application.  Chesarek cites to no authority to the contrary.  Accordingly, we conclude that the generally applicable mandatory dismissal language in § 46-13-401(2), MCA,  no longer applied after Chesarek moved to continue the August 7 trial date in the Justice Court.

¶14  Finally, Chesarek argues that he was denied his right to a speedy trial under the so-called Barker test enunciated by the United States Supreme Court and adopted by this Court in State ex rel. Briceno v. Dist. Ct. of 13th Jud. Dist., Etc. (1977), 173 Mont.

516, 568 P.2d 162.  In this regard, we have carefully examined the District Court record and determined that Chesarek's Barker argument--which balances the length of and reason for the delay, assertion of the speedy trial right and prejudice to the defense--was not presented to the District Court as an alternative basis for his motion to dismiss for lack of a speedy trial.  His motion was premised entirely on alleged violations of his § 46-13-401(2), MCA, speedy trial right and, indeed, his brief stated that "[t]here is no balancing test in the lower courts."  A party may not raise an argument for the first time on appeal or change his theory from that advanced in the trial court.  See, e.g., Jones v. City of Billings (1996), 279 Mont. 341, 347, 927 P.2d 9, 13 (citations omitted); State v. Fisch (1994), 266 Mont. 520, 524, 881 P.2d 626,  629 (citation omitted).  Therefore, we decline to address this argument.

¶15  Having concluded that the first trial date was within the 6-month period required by § 46-13-401(2), MCA, and that the 6-month limitation did not continue to apply after Chesarek's motion for a continuance, we hold that the District Court did not err in denying Chesarek's motion to dismiss for lack of a speedy trial in the Justice Court.

¶16  Affirmed.

/S/  KARLA M. GRAY

We concur:

/S/  J. A.  TURNAGE
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER