DA 09-0436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 29

CITY OF HELENA,

       Plaintiff and Appellee,

  v.

JASON JAMES ROAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2009-008
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Wendy Holton, Attorney at Law, Helena, Montana

       For Appellee:

           Hon. Steve Bullock, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

           Ole Olson, Deputy City Attorney, Helena, Montana

Submitted on Briefs:  January 20, 2010

Decided:  February 9, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Jason James Roan appeals from the judgment entered by the First Judicial District Court, Lewis and Clark County, convicting him of the misdemeanor offense of reckless driving. Roan contends that the District Court erred by denying his motion to dismiss for lack of a speedy trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On April 24, 2008, Helena Police Department officers cited Roan for misdemeanor reckless driving based upon witness reports that he had spun two "brodies" in a restaurant parking lot. Roan appeared for his arraignment on April 29, 2008, and pled not guilty to the charge. The Helena City Court set a bench trial for July 30, 2008. On May 5, 2008, Roan's counsel filed a motion to continue the trial because she would be unavailable on the July 30 trial date. The City Court reset the trial for July 23, 2008, one week earlier than previously scheduled. On July 9, 2008, two weeks before the scheduled bench trial, Roan's counsel requested a jury trial. As a result of this request, the City Court postponed the trial until October 9, 2008. The City then requested a continuance because the prosecutor had a scheduled hearing on that date. The City Court rescheduled Roan's trial for October 16, 2008.

¶3 The City filed a motion to continue the October 16, 2008 trial date based on the unavailability of its two witnesses, Nick Norton and Megan Miller. The City's motion stated:

> Meagan [sic] Miller is undergoing a cesarean section and will be in the hospital or recovering at the time of the trial in this matter on October 16, 2008. Nick Norton is the father of the child and will be caring for the child

2

and Ms. Miller during her recovery. Ms. Miller and Mr. Norton are the City's only eye-witnesses to the conduct for which the defendant is charged.

Roan objected, but the City Court continued the trial until January 13, 2009.

¶4 On January 12, 2009, Roan filed a motion to dismiss on speedy trial grounds, arguing that the City had failed to bring his case to trial within six months of his arraignment, as required under § 46-13-401(2), MCA (2007), unless there was good cause for the delay. Roan's motion was supported by an affidavit by Nick Norton, one of the prosecution's witnesses. Norton's affidavit indicated that Megan Miller, his fiancée, had not been available to testify in October because she had experienced a difficult pregnancy and was on bed rest. Norton stated he had been caring for Megan and their two children, in addition to working and running errands, and that his mother, Megan's mother, or another family member or a friend stayed with Megan during the times that he was absent for work or to run errands. However, Norton stated that, while he had not wished to testify, he "would have responded to a properly issued subpoena and appeared to testify had the trial been held on October 9, 2008."

¶5 Roan argued that the City was unable to establish good cause for the delay, and the charges against Roan should be dismissed. The City Court denied the motion, and conducted Roan's trial on January 13, 2009. The City called Helena Police Officer Noel Petty and Nick Norton to testify against Roan, but did not call Megan Miller as a witness. The City Court found Roan guilty of the reckless driving charge.

¶6 Roan appealed to the First Judicial District Court, seeking a trial de novo and again raising the speedy trial issue. The District Court denied Roan's motion, concluding

that the medical unavailability of one of the City's witnesses established good cause to justify the delay. Roan then pled guilty, reserving the right to appeal the speedy trial issue. Roan appeals.

## STANDARDS OF REVIEW

¶7 Whether the right to speedy trial has been violated is a question of law, and we will review the district court's legal conclusions to determine whether the interpretation of law is correct. *State v. Bertolino*, 2003 MT 266, ¶ 10, 317 Mont. 453, 77 P.3d 543 (citing *State v. Chesarek*, 1998 MT 15, ¶ 9, 287 Mont. 215, 953 P.2d 698). We will review for clear error any of the district court's factual findings underlying the application of § 46-13-401(2), MCA. *State v. Martz*, 2008 MT 382, ¶ 17, 347 Mont. 47, 196 P.3d 1239 (citing *State v. Ariegwe*, 2007 MT 204, ¶ 119, 338 Mont. 442, 167 P.3d 815). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the fact-finder misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been made. *Martz*, ¶ 17 (citing *Ariegwe*, ¶ 119; *State v. Weaver*, 2008 MT 86, ¶ 9, 342 Mont. 196, 179 P.3d 534).

## DISCUSSION

¶8 ***Did the District Court err by denying Roan's motion to dismiss for lack of speedy trial?***

¶9 Pursuant to § 46-13-401(2), MCA, the City was required to prosecute the misdemeanor charge against Roan within six months of the entry of his not guilty plea unless there was good cause for not doing so. That section provides:

4

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

Section 46-13-401(2), MCA. We have previously explained that misdemeanor charges will be dismissed pursuant to this provision "only if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay." *State v. Pollack*, 1998 MT 105, ¶ 11, 288 Mont. 436, 958 P.2d 75 (citing *State v. Fitzgerald*, 283 Mont. 162, 165, 940 P.2d 108, 110 (1997)). "The statute itself serves as the sole standard of whether 'good cause' for the delay has been shown." *Martz*, ¶ 30 (quoting *Bertolino*, ¶ 13).

¶10 Regarding the first condition, we held in *Fitzgerald* that "any pretrial motion for continuance filed by a defendant which has the incidental effect of delaying the trial beyond the six month time limit could be said to 'postpone trial' for purposes of § 46-13-401(2), MCA." *Fitzgerald*, 283 Mont. at 166-67, 940 P.2d at 111. Roan first contends that he committed no action which delayed the trial beyond the six-month time limit. Although the City notes that Roan delayed the trial by requesting a jury trial two weeks before the scheduled bench trial, it concedes the issue, arguing only under the second condition that it established good cause for the delay.

¶11 Roan argues that good cause did not exist for the delay because, first, Nick Norton would have testified at the October trial, as stated in his affidavit. Further, because the City did not call Megan Miller to testify at the January trial, Roan argues that Miller was not a necessary witness. Therefore, because the City did not need Miller's testimony and

5

Norton was available to testify at the October trial, Roan asserts that the City did not have good reason to delay his trial beyond the statutory six-month time limit.

¶12    The City responds that it demonstrated good cause for the delay for three reasons: (1) Megan Miller's unavailability to testify in October was sufficient to constitute good cause, even if she did not later testify; (2) the prosecutor believed Miller was an essential witness at the time he requested the continuance of the October trial date, given that she was one of two eye witnesses; and (3) requiring Norton to appear for the October trial would have created a significant hardship for him.

¶13    Good cause is generally defined as a "legally sufficient reason" and referred to as "the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused." *Black's Law Dictionary* 251 (Bryan A. Garner ed., 9th ed., West 2009); *see State v. Rozzell*, 157 Mont. 443, 450, 486 P.2d 877, 881 (1971); *Jackson v. U.S.*, 295 F. 620, 623 (9th Cir. 1924). Good cause will necessarily depend upon the totality of the facts and circumstances of a particular case. In *State v. Ronningen*, 213 Mont. 358, 362-63, 691 P.2d 1348, 1350-51 (1984), we held that the State failed to demonstrate good cause when it took no action to prosecute the defendant when the presiding district court judge retired, and the docket was rescheduled. Similarly, in *Bertolino*, ¶¶ 12-16, the State failed to demonstrate good cause for delaying the defendant's trial beyond the six-month time when it blamed the delay on the defendant's failure to comply with court orders but failed to request sanctions for the defendant's actions.

¶14 Failure by the State to timely prosecute the defendant, as in *Ronningen* and *Bertolino*, is not present here. The City requested the continuance because Megan Miller was undergoing a difficult pregnancy. This clearly constitutes good cause for delaying the trial. At the time the City requested the continuance, it was the City's intention to call Miller as a witness, being one of two eye-witnesses. The fact that Miller did not ultimately testify at the trial does not retroactively negate the good cause that existed at the time of the continuance.

¶15 Although, according to his affidavit, Nick Norton was available and could have testified in the October trial, it nonetheless was evident that requiring his attendance would have created a significant hardship for him. Norton's fiancée was experiencing a difficult pregnancy at the time, and was expecting to undergo a cesarean operation. Norton was caring for Miller and the couple's two children, as well as continuing to work and run errands.

¶16 Considering the totality of the circumstances, we conclude the City demonstrated good cause for the delay, and Roan's motion to dismiss was properly denied.

¶17 Affirmed.

/S/ JIM RICE

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

7