JUSTICE SHEA,
dissenting.
¶30 Although I agree with the Court’s resolution of Issues 2, 3, and 4, I would not reach those issues in this case because Krenning was denied his statutory right to a speedy trial and this case should have been dismissed on those grounds. I therefore dissent as to the Court’s resolution of Issue 1.
¶31 The Court concludes “the unavailability of the arresting officer was, for purposes of § 46-13-401(2), MCA, good cause for continuing Krenning’s trial.” Opinion, ¶ 13. This forms the basis for the Court’s holding that “Krenning was not denied a speedy trial.” Opinion, ¶ 14. At the outset, therefore, it is necessary to dispense with the fiction that Huertas was, in any real sense, “unavailable” to testify at trial.
¶32 The State contended that Huertas was “unavailable to testify because he was on paid administrative leave.” Opinion, ¶ 4. In other words, the State argued, and this Court agrees, that a public employee who is drawing a paycheck, while not working for that paycheck, is “unavailable” to perform one of the required functions of the job for *358 which he is drawing the paycheck. In reality, Huertas was likely the most available law enforcement officer in Yellowstone County during the time of his paid administrative leave because, unlike the officers who were not on paid administrative leave, it was not necessary to call Huertas away from any other law enforcement duties in order to testify.
¶33 The State bears the burden to explain pretrial delays. State v. Ariegwe, 2007 MT 204, ¶ 64, 338 Mont. 442, 167 P.3d 815. Whether good cause exists for pretrial delay “will necessarily depend upon the totality of the facts and circumstances of a particular case.” City of Helena v. Roan, 2010 MT 29, ¶ 13, 355 Mont. 172, 226 P.3d 601. In this case, the Justice Court denied Krenning’s motion to dismiss without stating its reasoning. Opinion, ¶ 10. Therefore, there was no meaningful analysis of the totality of the facts and circumstances purportedly necessitating the delays and whether the State bore its burden to explain the delays. Likewise, this Court does not assess the totality of the facts and circumstances of this case in determining whether there was good cause for delay, nor whether the State bore its burden of explaining the pretrial delays. Instead, the Court simply accepts as an article of faith that “paid administrative leave” equals “unavailability.” Opinion, ¶ 4. From this assumption, the Court proceeds with its good cause determination.
¶34 In its review of the Justice Court’s decision, the District Court did consider the totality of the facts and circumstances of this case and determined—contrary to this Court’s assumption—that Huertas was not, in fact, unavailable to testify as the State argued. Rather, the District Court concluded that Huertas “was forbidden from testifying by his commanding officer.” The District Court then concluded that this was not good cause for delay, because it determined that “an officer’s supervisor certainly has no authority to tell a court whether the officer can testify.” The Court does not acknowledge the District Court’s conclusions, nor discuss the facts and circumstances that led the District Court to conclude there was not good cause for trial delay because “an officer’s supervisor certainly has no authority to tell a court whether the officer can testify.” By holding to the contrary on this point, though, the implication is that this Court believes that an officer’s supervisor does have the authority to tell a court whether the officer will testify. So to be clear for purposes of future speedy trial analyses, the law in Montana is now: (1) an officer’s supervisor has the authority to tell a court whether the officer will be allowed to testify; (2) without any substantive inquiry into the facts and circumstances of the officer’s purported unavailability, the State meets its burden of *359 explaining pretrial delay by doing nothing more than stating that the officer has been forbidden from testifying; and (3) the Court will consider this to be good cause for delay.
¶35 The Court acknowledges that Huertas could have been subpoenaed to testify, notwithstanding being on paid administrative leave. Opinion, ¶ 13. This acknowledgement, in itself, belies the notion that Huertas was, in fact, “unavailable” to testify. If Huertas was available to testify by subpoena, then he was available to testify—period. Yet the Court goes on to make the incongruous observation, “we have not imposed an obligation on the State to subpoena an unavailable officer in every instance in order to demonstrate a valid reason for delay.” Opinion, ¶ 13. Huertas is an agent of the State. Huertas was available to testify but was forbidden from testifying by another agent of the State because of administrative reasons that had nothing to do with Krenning or his case. The Court is holding, therefore, that it will not impose an obligation on the State to require one of its own agents to testify if another one of its own agents forbids it. So the Court’s holding in this case could best be summarized as: It is a valid reason to delay a trial if the State refuses to allow one of its officers to testify.
¶36 The Court cites several cases for the proposition that “the unavailability of a prosecution witness constitutes valid reason for trial delay.” Opinion, ¶ 12. The distinction between this case and the cases the Court cites is that in those cases there was a determination that the witnesses were, in fact, unavailable after the court considered the totality of the facts and circumstances of each particular case.[1] In this case, there was no such consideration, either by the Justice Court or this Court. The one court that did consider the totality of the facts and circumstances of this case was the District Court, which concluded that Huertas was not unavailable.
¶37 Beyond the faulty factual premise upon which the Court’s holding is based, I am equally concerned that the Court reaches its result by incorporating a new element into the statutory speedy trial analysis that is inconsistent with the plain wording of the statute. The Court holds that it will not impose upon the State an obligation to require an officer to testify “where the delay—nine days [beyond the six-month *360 deadline]—was minimal.” Opinion, ¶ 13. The Court continues that “this short delay does not compel a conclusion that the State had to subpoena Huertas while the internal investigation was pending in order to secure a trial within the six-month deadline.” Opinion, ¶ 13. The Court concludes then that there was “good cause for continuing Krenning’s trial nine days beyond the six-month deadline.” Opinion, ¶ 13. By focusing on what is otherwise an irrelevant fact, the Court appears to hold that part of the good cause analysis under § 46-13-401(2), MCA, is how far beyond the six month deadline the trial is delayed. This reads something into the statute that is not there.
¶38 Section 46-13-401(2), MCA, provides:
After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant’s motion is not brought to trial within 6 months.
Montana’s statutory speedy-trial protections regarding misdemeanors are more strict than our constitutional analysis. State v. Case, 2013 MT 192, ¶ 6, 371 Mont. 58, 305 P.3d 812. When determining whether a statutory speedy trial right has been violated, “the sole standard [is] whether ‘good cause’ for the delay has been shown.” State v. Ronningen, 213 Mont. 358, 362, 691 P.2d 1348, 1350 (1984) (emphasis added). Although consideration of the length of delay may be a factor in a constitutional speedy trial analysis, Ariegwe, ¶ 105, it is irrelevant to a statutory speedy trial analysis. Under § 46-13-401(2), MCA, a delay that lacks good cause on its own merit is not suddenly imbued with good cause because it violates the statute only slightly. The Court’s analysis weighing this factor in favor of finding good cause for the delay in this case is both inconsistent with the plain wording of the statute and our precedent applying it.
¶39 A finding of good cause for pretrial delay necessarily depends upon the totality of the facts and circumstances of a particular case. Roan, ¶ 13. The facts and circumstances of this particular case are that an agent of the State was available to testify, he was forbidden from testifying by another agent of the State, and the State made no effort to make its agent available to testify within the statutory time period. Krenning’s statutory right to a speedy trial was violated and his case should have been dismissed on those grounds. I dissent.

 It also bears noting that the cases the Court cites are factually distinguishable. In Johnson, the State’s chief witness was a detective who was out of state interviewing witnesses in a federal case, and in Billman, the officer had been called away for military training.