FILED

01/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0156

DA 22-0156

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 2

CITY OF GREAT FALLS,

       Plaintiff and Appellee,

  v.

HANNAH ROSE KUNTZ,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC-21-303
Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Laura Reed, Attorney at Law, Missoula, Montana

           Paul Gallardo, Flaherty Gallardo Law, Great Falls, Montana

       For Appellee:

           Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

           David Dennis, Great Falls City Attorney, Mark Dunn, Deputy City
Attorney, Great Falls, Montana

           Submitted on Briefs: November 29, 2023

                    Decided: January 9, 2024

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Hannah Rose Kuntz (Kuntz) appeals an adverse ruling from the Eighth Judicial District Court, Cascade County, affirming the Great Falls Municipal Court's denial of Kuntz's motion to dismiss for lack of a speedy trial. We affirm.

¶2 We restate the sole issue on appeal as follows:

¶3 *Did the District Court err in ruling the Municipal Court had good cause to delay Kuntz's misdemeanor trial two days beyond a statutory six-month deadline?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On July 12, 2020, Kuntz was charged with Violation of a Protective Order, first offense, under § 45-5-626, MCA, following a visit to her ex-husband's home after she had been served with a protective order. Kuntz entered a not guilty plea on July 13, 2020.

¶5 The City of Great Falls (City) requested trial continuances due to witness unavailability on September 18 and then again on October 19, 2020. The City requested a third and final continuance on November 25, because Kuntz's ex-husband, a would-be witness, was quarantined due to exposure to COVID-19. In all three continuance requests, the City notified the Municipal Court that the speedy trial deadline would expire on January 11, 2021.[1] The Municipal Court ultimately set trial for January 15, 2021.

¶6 Kuntz then filed a motion to dismiss for lack of speedy trial because the trial date was set beyond the deadline. The Municipal Court denied Kuntz's motion to dismiss on

---

[1] The parties have since stipulated that the speedy trial deadline was actually set to expire on January 13, 2021, and that the January 11 date referred to throughout the record was based on an unnoticed misreading of the calendar.

January 14, 2021. The Municipal Court's order explained there was good cause to continue the trial beyond the speedy trial deadline both because of public health concerns and uncertainty that the Municipal Court would be able to convene the requisite number of jurors due to the COVID-19 pandemic.

¶7 Kuntz changed her plea to guilty on February 22, 2021. Kuntz then appealed the Municipal Court's order to District Court on April 27, 2021. The District Court heard oral argument on February 24, 2022, and ruled the Municipal Court correctly determined there was good cause for delaying Kuntz's trial past the speedy trial deadline. Kuntz now appeals the District Court's decision affirming the Municipal Court.

## STANDARD OF REVIEW

¶8 We review a district court's appellate decisions under the same standard that would have been applied if the case had been appealed to this Court directly. *City of Helena v. Grove*, 2017 MT 111, ¶ 4, 387 Mont. 378, 394 P.3d 189 (citations omitted). Whether a criminal defendant's statutory right to a speedy trial was violated under § 46-13-401(2), MCA, is a question of law that we review de novo, for correctness. *State v. Luke*, 2014 MT 22, ¶ 10, 373 Mont. 398, 321 P.3d 70. The application of relevant legal standards to a trial court's factual findings is a mixed question of law and fact, which is also reviewed de novo. *Luke*, ¶ 10 (citing *State v. Weaver*, 2008 MT 86, ¶ 10, 342 Mont. 196, 179 P.3d 534).

¶9 A trial court's factual findings will not be disturbed unless they are clearly erroneous because the trial court is in the best position to "become familiar with the details of the case and to weigh the value of evidence." *BNSF Ry. Co. v. Cringle*, 2012 MT 143, ¶ 16, 365

3

Mont. 304, 281 P.3d 203; *State v. Kaufman*, 2002 MT 294, ¶ 12, 313 Mont. 1, 59 P.3d 1166. "A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the fact-finder misapprehended the effect of the evidence, or if a review of the record leaves this court with the definite and firm conviction that a mistake has been made." *City of Helena v. Roan*, 2010 MT 29, ¶ 7, 355 Mont. 172, 226 P.3d 601.

¶10 Thus, while a trial court's factual determinations are reviewed for clear error, we review legal conclusions drawn from them for correctness. *Kaufman*, ¶ 12. It is well-established that this bifurcated standard of review satisfies the deference owed to a trial court in carrying out its duty as factfinder, while preserving our plenary review of mixed questions of law and fact. *Kaufman*, ¶ 12.

## DISCUSSION

¶11 *Did the District Court err in ruling the Municipal Court had good cause to delay Kuntz's misdemeanor trial two days beyond a statutory six-month deadline?*

¶12 Kuntz argues the District Court erred in affirming the Municipal Court's determination that there was good cause to delay her trial beyond the misdemeanor speedy trial deadline. Kuntz contends the Municipal Court had more than enough time to set a new trial date within the six-month window, noting that 49 days elapsed between the trial's final continuance and the ultimate January 15, 2021 trial setting.

¶13 In applying the facts of a case to the misdemeanor speedy trial statute, § 46-13-401(2), MCA, charges will only be dismissed when the defendant did not ask for a postponement and the State failed to show good cause for the delay. *Roan*, ¶ 9 (citation omitted). The State may satisfy the good cause standard if it offers a legally sufficient

4

reason for a delay given the "totality of the facts and circumstances of a particular case." *Roan*, ¶ 13.

¶14    Kuntz did not ask for a postponement, thus the only questions before us are whether the Municipal Court's factual findings were clearly erroneous, and whether its legal conclusions were correct. *Luke*, ¶ 10.

¶15    The Municipal Court's factual findings were not clearly erroneous—they were supported by substantial evidence, and there is no indication that the Municipal Court "misapprehended the effects of the evidence." *Roan*, ¶ 7. In relevant part, the Municipal Court's January 14, 2021 order provided:

> The Court considered a number of issues and looked to the guidance from government officials and agencies, as well as looking to the guidelines and recommendations of the Montana Supreme Court. There was concern about the possibility of fewer than the required number of jurors appearing for jury duty and the potential prejudice that could result as well as the public health risk to any jurors who potentially appeared, as well as all parties involved, including witnesses. As noted above, there was also concern regarding witnesses, as in court appearance would potentially put everyone's health at risk.

The Municipal Court thus provided a basis for its concerns that a trial with witnesses exposed to COVID-19 could put trial participants at risk, including guidance from this Court on then-in-place COVID-19 protocols for the Montana Judicial Branch. Additionally, the Municipal Court described well-founded concerns that it would not be able to convene the requisite number of jurors before the statutory speedy trial deadline. We are not persuaded "with the definite and firm conviction that a mistake [was] made." *Roan*, ¶ 7 (citation omitted).

¶16     We further conclude that the Municipal Court's factual findings satisfy the standard for good cause under § 46-13-401(2), MCA. The totality of the facts and circumstances involving trial scheduling and the COVID-19 pandemic provided the Municipal Court a legally sufficient reason to delay Kuntz' trial. *Roan*, ¶ 13; *Luke*, ¶ 15.

¶17     Kuntz asserts the Municipal Court erred by relying on our May 2022 COVID-19 guidance as an explanation for delaying trial. Kuntz contends that because our guidance recommended the use of remote hearings to facilitate trials, witnesses who were unavailable due to COVID-19 quarantine should have been made to appear remotely for an on-time trial. However, our recommendations around remote hearings did not constrain the trial court's authority to decide how and when to conduct hearings remotely. Rather, we recommended remote hearings as a means to "limit the number of people in a courthouse and in a courtroom," and we left it to trial courts to conduct trials "in such a manner as to . . . protect the health of jurors and others." Our guidance also explained that the circumstances presented "a fluid situation that [required] a great deal of flexibility moving forward." Although Kuntz disputes certain facts surrounding witness unavailability and local public health trends, the Municipal Court had good cause to delay Kuntz's trial based on our guidance alone. We do not agree that the State was required to develop a more robust record to support the trial delay, given how rapidly local public health trends and scheduling priorities were evolving at the time.

¶18     We have emphasized that a trial court "must retain a measure of flexibility over scheduling to hear cases on its docket." *Luke*, ¶ 19 (citing *State v. Fitzgerald*, 283 Mont. 162, 166-67, 940 P.2d 108, 111 (1997)). In *Luke*, the justice court warned the defendant

that his trial would fall out of scheduling priority if he failed to appear for the pretrial conference. *Luke*, ¶ 4. When he failed to appear, the defendant's case was scheduled for the next available date, which was eight days beyond the speedy trial deadline. *Luke*, ¶ 20. We affirmed the justice court's delay because the flexibility afforded the trial court to manage its crowded docket—coupled with the warning given to the defendant— constituted good cause. *Luke*, ¶ 20. Although the Municipal Court's reasons for granting the underlying continuances were different here, our COVID-19 guidance provided *greater* flexibility to trial courts than we described in *Luke*. The Municipal Court had ample cause for concern about whether it could convene a jury panel without exposing trial participants to the risks of COVID-19, and it was in the best position to assess local trends and manage its docket accordingly.

¶19    The Municipal Court's decision also aligns with *Roan*, where a trial was delayed beyond the statutory deadline because a State witness was unavailable due to a difficult pregnancy, and she and her husband were the only witnesses to the crime. *Roan*, ¶ 14. We affirmed the city court's decision because the medical reasons offered by the State "clearly constitute[d] good cause for delaying the trial." *Roan*, ¶ 14. The Municipal Court's decision here was similarly intended to mitigate health risks and the associated burden on trial participants. The difficulties facing the Montana Judicial Branch around the time of Kuntz's trial posed health risks to the court, trial participants, and the public at large. As discussed, the Municipal Court was in the best position to weigh those risks in accordance with its scheduling priorities.

¶20 Kuntz, for her part, argues her case is more like *State v. Ronningen*, where a district court judge retired before trial, and the State took no action to have the case reassigned and a new trial date set. *State v. Ronningen*, 213 Mont. 358, 691 P.2d 1348 (1984). The district court dismissed the misdemeanor charges when the trial was scheduled more than two weeks beyond the statutory deadline. *Ronningen*, 213 Mont. at 361, 691 P.2d at 1350. We affirmed the dismissal, persuaded by the fact that "the State acquiesced in the trial setting for April 30, set at least two weeks past the statutory deadline." *Ronningen*, 213 Mont. at 362, 691 P.2d at 1351. Kuntz asserts the City acquiesced here, noting it could have urged the Municipal Court to move the trial date up. While that may be true, the record indicates the City did not simply sit and wait for the deadline to expire, like in *Ronningen*. Rather, the City advised the Municipal Court about the speedy trial deadline three times, with each continuance request that it filed. Instead of acquiescing to the trial setting, the City deferred to the Municipal Court's scheduling priorities when the trial was ultimately set just two days beyond the deadline.

¶21 Finally, the Municipal Court appropriately weighed the interests of the public against the prejudicial effect on Kuntz, noting there was no prejudice to Kuntz to delay a mere two days beyond the speedy trial deadline. Kuntz was not incarcerated, and she did not otherwise have "her liberty or ability to work restricted in any meaningful way." The Municipal Court properly responded flexibly to the evolving circumstances surrounding the COVID-19 pandemic and Kuntz's trial, and only delayed trial two days beyond the deadline.

8

¶22 The Municipal Court did not err when it determined the totality of the facts and circumstances constituted a legally sufficient reason for delaying Kuntz's trial beyond the statutory deadline. The District Court did not err in affirming that decision.

**CONCLUSION**

¶23 The Municipal Court did not commit clear error in its finding that our COVID-19 guidance provided trial courts flexibility to manage their dockets in accordance with local health trends. Likewise, the Municipal Court correctly determined that public health risks outweighed any prejudice to Kuntz and provided good cause to delay trial two days beyond the deadline. The record before us does not convincingly demonstrate the District Court erred as a matter of law in affirming the Municipal Court's decision below.

¶24 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR