
DA 07-0430

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 213

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

JAMIE R. HARRIS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-52
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Myshell Lyday Uhl; Office of Public Defender, Missoula, Montana

      For Appellee:

          Mike McGrath, Montana Attorney General; J. Stuart Segrest,
Assistant Attorney General, Helena, Montana

Submitted on Briefs:  May 7, 2008

Decided:  June 17, 2008

Filed:

                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Jamie R. Harris (Harris) appeals from the order of the Fourth Judicial District, Missoula County, affirming Harris's conviction in Missoula Municipal Court of minor in possession of an intoxicating substance (MIP). We affirm.

¶2 We restate the issue as follows:

¶3 Did the Municipal Court err when it allowed Officer Shermer to testify as an expert on the horizontal gaze nystagmus (HGN) test?

## BACKGROUND

¶4 On October 14, 2006, at approximately 1:20 a.m., a Missoula police officer pulled over a vehicle for a traffic violation. Officer Manraksa soon arrived to assist. Officer Manraksa spoke with Harris, one of the vehicle's passengers, and determined that she was less than twenty-one years of age. Officer Manraksa smelled a heavy odor of alcohol on Harris's breath, and he asked her to perform a breath test. Unable to obtain a proper breath sample, Officer Manraksa began to administer the HGN test. Officer Manraksa observed four of the six HGN indicators of possible alcohol impairment, though he was unable to complete the HGN test. Based on his observations, Officer Manraksa issued Harris a citation for MIP.

¶5 At trial, Officer Shermer testified as an expert witness regarding the HGN test. Officer Shermer testified that a relationship exists between alcohol consumption and observable presence of nystagmus, an involuntary jerking of the eyes. Harris objected to Officer Shermer's testimony and argued that Officer Shermer failed to meet the expert-

2

witness qualifications to testify about HGN as set forth in *State v. Crawford*, 2003 MT 118, 315 Mont. 480, 68 P.3d 848. The court initially sustained Harris's objection, but allowed his testimony after the prosecutor recalled Officer Shermer and elicited further information regarding his training and experience. Officer Manraksa then testified regarding his administration of the HGN test at the scene and the results of the HGN test. The Missoula Municipal Court convicted Harris of MIP, and Harris appealed to the District Court, which affirmed her conviction. Harris appeals.

## STANDARD OF REVIEW

¶6 We review for abuse of discretion a trial court's determination regarding the qualification and competency of an expert witness. *Crawford*, ¶ 8. A court abuses its discretion when it acts arbitrarily, without employing conscientious judgment, or "exceeds the bounds of reason, resulting in substantial injustice." *State v. Matz*, 2006 MT 348, ¶ 34, 335 Mont. 201, ¶ 34, 150 P.3d 367, ¶ 34 (citations omitted). Trial courts possess considerable latitude when ruling on the admissibility of expert witness testimony. *Crawford*, ¶ 30.

## DISCUSSION

¶7 **Did the Municipal Court err when it allowed Officer Shermer to testify as an expert on the horizontal gaze nystagmus (HGN) test?**

¶8 The rules of evidence allow "a witness qualified as an expert by knowledge, skill, experience, training, or education" to offer an opinion at trial if the witness's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in

3

issue . . . ." M. R. Evid. 702. Thus, to admit expert testimony, a court must determine (1) that the subject matter requires expert testimony, and (2) that the witness qualifies as an expert in the particular area on which the witness intends to testify. *Crawford*, ¶ 24. We require expert testimony to explain the relationship between alcohol consumption and the presence of nystagmus. *Hulse v. State, Dept. of Justice*, 1998 MT 108, ¶ 69, 289 Mont. 1, ¶ 69, 961 P.2d 75, ¶ 69.

¶9 Harris argues that the Municipal Court erred when it allowed Officer Shermer to testify that a correlation exists between alcohol in the human body and nystagmus in the eye. Harris asserts that Officer Shermer did not possess the requisite scientific and medical training to testify as an HGN expert because Officer Shermer's qualifications fell short of the baseline established in *Crawford*.

¶10 In *Crawford*, we rejected the premise that only medical professionals could provide expert testimony regarding the HGN test's reliability, and we concluded that the district court did not err in allowing a police officer to testify as an HGN expert. *Crawford*, ¶¶ 27, 30. We determined that the officer's "litany of credentials" demonstrated his qualifications to testify as an expert on HGN, and we specifically listed seven that we considered significant. *Crawford*, ¶ 28. We did not, however, set forth seven essential requirements that a witness must possess to testify as an expert on HGN. On the contrary, we stated that trial courts are "vested with *great* latitude in ruling on the admissibility of expert testimony," and we concluded that, in light of the officer's

4

training, the court acted within its discretion in allowing the officer's expert witness testimony. *Crawford*, ¶ 30 (citations omitted).

¶11 Here, Officer Shermer presented credentials similar to those accepted in *Crawford* and demonstrated that he qualified as an expert to testify regarding the HGN test. Officer Shermer testified that he holds a bachelor's degree in sociology and criminology and has been a Missoula police detective for seven years. Officer Shermer testified that he completed an eight-hour course in field sobriety tests, including HGN, at the Montana Law Enforcement Academy and that he later became an instructor in standard field sobriety tests. Officer Shermer also testified that he had completed an eight-hour course on the anatomy of the eye, which focused specifically on HGN.

¶12 Additionally, Officer Shermer testified that he completed a three-week Drug Recognition and Evaluation (DRE) program and was a certified DRE officer. Officer Shermer testified that the DRE program trains officers in the physiological effects that occur when a person ingests certain drugs, including alcohol. Officer Shermer testified that he received training to detect drugs through divided attention tests; physiological tests, including blood pressure and vital signs; and through observing the human eye. Finally, Officer Shermer testified that he previously had testified as an expert witness before the Missoula Municipal Court and as a DRE expert in Missoula district court.

¶13 At trial, Officer Shermer explained the concept of nystagmus and discussed the correlation between a person's consumption of alcohol and observable presence of nystagmus. Officer Shermer distinguished between HGN and vertical gaze nystagmus

5

and explained the causes for each. According to Officer Shermer, when coupled with other tests and observations, HGN can help an officer determine if a person is under the influence or if the person has a medical problem.

¶14 The Municipal Court allowed Officer Shermer to testify as an expert witness on HGN after hearing testimony of his extensive training and education. Based on our review of Officer Shermer's training and education, we cannot say that the Municipal Court acted arbitrarily, without employing conscientious judgment, or exceeded the bounds of reason, resulting in substantial injustice. *Matz*, ¶ 34.

¶15 Affirmed.

/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS