
DA 11-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 57N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JEFFERY ALLEN WEER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-243
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffrey T. Renz, Attorney at Law, Missoula, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Suzy Boylan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  January 25, 2012

Decided:  March 7, 2012

Filed:

_____

Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeffery Allen Weer (Weer) appeals his conviction and sentence for DUI by the Fourth Judicial District Court, Missoula County. We affirm.

¶3 Weer was charged with DUI in Missoula County. He was found guilty after a jury trial in justice court. Weer appealed to the Fourth Judicial District Court. Weer filed a motion in limine seeking to prevent Trooper Salois from testifying about: the significance of the results of the horizontal gaze nystagmus (HGN) test and the results of the one-leg-stand and walk-and-turn tests. Weer also sought to prohibit a declaration at trial that Trooper Salois was an expert under M. R. Evid. 702. After a hearing, Weer's motion in limine was denied. After a jury trial, Weer was convicted and sentenced to six months in jail, with all but 24 hours suspended, and fined a total of $425. Weer sought credit towards his probation for the time between his justice court and district court convictions. After briefing, Weer's request for credit was denied.

¶4 Weer timely appealed, raising four issues, restated below. We consider each in turn.

¶5 *Did the District Court abuse its discretion when it held Trooper Salois was an expert under M. R. Evid. 702?*

2

¶6     Weer filed a motion in limine seeking to bar Trooper Salois from testifying about the significance of the HGN test results. His motion was denied. Weer argues again on appeal that Trooper Salois was not qualified to testify as an expert on the scientific basis of HGN because he had no independent knowledge of the subject, but rather "parroted" from an outline. The State argues Trooper Salois possessed the requisite qualifications, and he need not be a medical professional to testify.

¶7     The district court's determination regarding the qualification and competency of an expert witness is reviewed for an abuse of discretion. *State v. Harris*, 2008 MT 213, ¶ 6, 344 Mont. 208, 186 P.3d 1263. The trial court has "*great* latitude" in ruling on the admissibility of expert testimony. *State v. Crawford*, 2003 MT 118, ¶ 30, 315 Mont. 480, 68 P.3d 848 (emphasis in original). We have established no "essential requirements" the witness must possess to testify as an expert on HGN. *Harris*, ¶ 10. We have specifically rejected the requirement that the proposed expert must be a medical professional. *Harris*, ¶ 10; *Crawford*, ¶ 27.

¶8     This issue is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion. Trooper Salois's qualifications are comparable to those we have held sufficient in the past, and Weer's counsel vigorously cross-examined Trooper Salois on his alleged lack of qualifications.

¶9     *Did the District Court abuse its discretion when it said "He's [Trooper Salois is] recognized as an expert" in front of the jury?*

¶10    In the District Court, Weer also filed a motion in limine to prohibit Trooper Salois

3

from being declared "an expert" at trial. His motion was denied. On appeal, Weer argues that it was improper and a denial of due process for the District Court, upon motion of the prosecutor, to declare Trooper Salois "an expert." This, according to Weer, made the District Court a witness and amounted to vouching for Trooper Salois. Weer argues the District Court should have simply said "He may (or may not) testify under Rule 702." The State argues this is the kind of exchange that happens in Montana courts regularly, and was not a denial of due process or an abuse of discretion.

¶11 This issue is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion. After laying the foundational requirements for Trooper Salois's HGN testimony, the State said "Your Honor, at this time, I move to qualify Trooper Salois as an expert in HGN." Weer did not object. The District Court then said "He's recognized as an expert." The District Court did not abuse its discretion, nor violate Weer's due process rights, by acknowledging for the record that the State met the foundational requirements of M. R. Evid. 702.

¶12 *Did the District Court abuse its discretion when it allowed Trooper Salois to testify about the results of the standardized field sobriety tests?*

¶13 Weer argues Trooper Salois administered the walk-and-turn and one-leg stand tests improperly, and therefore the results should not have been admitted at trial. The State argues that Trooper Salois testified that he administered the tests properly, and that whether the tests were conducted properly goes to the weight of the testimony rather than the admissibility.

¶14 We review a district court's ruling on the admissibility of evidence for an abuse of

discretion. *State v. Payne*, 2011 MT 35, ¶ 15, 359 Mont. 270, 248 P.3d 842.

¶15 This issue is one of judicial discretion. After reviewing the record, we conclude there clearly was not an abuse of discretion. Trooper Salois testified he administered the tests in accordance with his training. Weer disagreed, and cross-examined Trooper Salois accordingly. Any quibble about the manner in which the tests were administered goes to the weight of the evidence, not its admissibility. *See State v. Damon*, 2005 MT 218, ¶¶ 22, 24, 328 Mont. 276, 119 P.3d 1194.

¶16 *Did the District Court err when it held Weer was not entitled to credit against his six month probationary sentence?*

¶17 Weer argues that he was on probation from the time he was sentenced in justice court, therefore his District Court sentence should be credited with the time that elapsed between the justice court sentence and his District Court conviction. The State argues that Weer should not be credited with any time because his bail was continued, and, when faced with a failure to pay notice and an order to show cause for failure to serve his 24 hour jail sentence, Weer represented to the justice court that his sentence was stayed pending appeal.

¶18 We review criminal sentences that are not eligible for sentence review for legality and for an abuse of discretion. *State v. Gunderson*, 2010 MT 166, ¶ 37, 357 Mont. 142, 237 P.3d 74; *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017.

¶19 Section 46-9-107, MCA, provides:

> A person intending to appeal from a judgment imposing a fine only or from any judgment rendered by a justice's court or city court must be admitted to bail. The court shall order the detention of a defendant found guilty of an

offense who is awaiting imposition or execution of sentence or a revocation hearing or who has filed an appeal unless the court finds that, if released, the defendant is not likely to flee or pose a danger to the safety of any person or the community.

¶20 Section 46-20-204, MCA, provides:

(1) If an appeal is taken, a sentence of death must be stayed by order of the trial court until final order by the supreme court.
(2) If an appeal is taken and the defendant is admitted to bail, a sentence of imprisonment must be stayed by the trial court.
(3) If an appeal is taken, a sentence to pay a fine or a fine and costs must be stayed by the trial court or by the reviewing court.
(4) If an appeal is taken and the accused was admitted to probation, the accused shall remain on probation or post bail.

¶21 After reviewing the record, we conclude the District Court correctly interpreted the statutes in question and did not abuse its discretion. The bail posted by Weer in justice court was continued and he represented to the justice court that his sentence was stayed.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We affirm the District Court on all issues.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

6