JUSTICE BAKER
delivered the Opinion of the Court.
¶1 A Yellowstone County Justice Court jury convicted Gerald Jeffry Krenning of driving under the influence of alcohol (DUI). Following the Thirteenth Judicial District Court’s rejection of his challenges to the conviction, Krenning appeals. We affirm.
¶2 Krenning raises four issues on appeal:
1. Was Krenning denied his right to a speedy trial?
2. Did the Justice Court deny Krenning a fair trial when it refused to allow him to cross-examine Officer Huertas about the reasons for his administrative leave?
3. Did the Justice Court deny Krenning a fair trial when it allowed Officer Huertas to testify as an expert on horizontal gaze nystagmus (HGN)?
4. Did the Justice Court err in refusing Krenning’s proposed jury instructions on breath test refusal?
PROCEDURAL AND FACTUAL BACKGROUND
¶3 Laurel, Montana, police officer Jim Huertas stopped Krenning on suspicion of DUI on the night of December 23, 2014, after Huertas and another officer independently observed Krenning’s vehicle weaving and drifting between lanes on the interstate highway and on Highway 212. Officer Heurtas noticed that Krenning’s eyes were bloodshot and glassy, he smelled of alcohol, and he fumbled when retrieving his driver’s license from his wallet. Officer Huertas administered a roadside HGN test, but Krenning refused a breath test. The State charged Krenning with DUI and with operating a motor vehicle with expired registration.
¶4 Krenning was arraigned on January 8, 2015. Initially, the Yellowstone County Justice Court set a pretrial conference date of April 21, 2015, and trial for May 22, 2015. On the State’s motions, the trial was continued until June 26. Then, at the end of a motions hearing and pretrial conference days before trial, the State moved for a three-week continuance on grounds that Officer Huertas was unavailable to testify because he was on paid administrative leave. The court granted that motion and set trial for July 17.
*354 ¶5 A week before trial, the defense moved to dismiss the charges against Krenning on the ground that his right to speedy trial had been denied. The Justice Court denied that motion.
¶6 Krenning pleaded guilty to operating a motor vehicle with expired registration and the DUI charge proceeded to trial. Officers Huertas and Jason Wells testified for the State. Krenning testified on his own behalf. The jury found Krenning guilty of DUI.
¶7 Krenning appealed to District Court, which affirmed his conviction.
STANDARDS OF REVIEW
¶8 In an appeal from a justice court established as a court of record—as is the Justice Court in this case—the district court functions as an appellate court and the appeal is confined to a review of the record. See § 3-11-110, MCA. In reviewing a justice court’s findings and conclusions, this Court examines the record independently of the district court’s decision. State v. Marcial, 2013 MT 242, ¶ 10, 371 Mont. 348, 308 P.3d 69. We discuss additional standards of review in the context of each issue.
DISCUSSION
¶9 1. Was Krenning denied his right to a speedy trial?
¶10 Krenning’s trial occurred nine days past the end of the six-month period allowed for trial of a misdemeanor offense under § 46-13-401(2), MCA. The Justice Court denied Krenning’s motion to dismiss without stating its reasoning. We review the trial court’s legal conclusions on a statutory speedy trial claim to determine whether its interpretation of the law is correct. City of Helena v. Roan, 2010 MT 29, ¶ 7, 355 Mont. 172, 226 P.3d 601.
¶11 Krenning relies on State v. Ronningen, 213 Mont. 358, 360, 691 P.2d 1348, 1349 (1984), in asserting that the statutory right to trial within six months in a misdemeanor case is absolute. That is not true. As acknowledged in Ronningen, 213 Mont. at 360, 691 P.2d at 1349, the statutory six-month limit for trial of a misdemeanor offense does not apply if the trial is postponed on the defendant’s motion or if the State demonstrates good cause to continue the trial date. See also City of Helena v. Heppner, 2015 MT 15, ¶ 12, 378 Mont. 68, 341 P.3d 640.
¶12 Absent evidence of foot-dragging by the prosecution, the unavailability of a prosecution witness constitutes valid reason for trial delay. In State v. Johnson, 2000 MT 180, ¶ 20, 300 Mont. 367, 4 P.3d 654, we characterized the unavailability of an officer on an out-of-state work assignment as “good cause” for the State’s requested continuance. *355 See also State v. Billman, 2008 MT 326, ¶ 27, 346 Mont. 118, 194 P.3d 58 (noting that the primary officer’s unavailability because of training generally would constitute “good cause” for delay, but for the fact that the State did not move for continuance until four days after the scheduled trial date); State v. Ariegwe, 2007 MT 204, ¶ 70, 338 Mont. 442, 167 P.3d 915 (citing Johnson for principle that unavailability of key prosecution witness is valid reason for delay). Although those cases analyzed the constitutional right to speedy trial, the same conclusion logically attaches to a determination of “good cause” for postponement of trial under § 46-13-401(2), MCA. Officer Huertas’s unavailability was not due to any fault of or “foot-dragging” by the State.
¶13 To be sure, a police officer could be subpoenaed to testify notwithstanding the officer’s administrative leave or absence for numerous other reasons. But in our constitutional speedy trial discussions we have not imposed an obligation on the State to subpoena an unavailable officer in every instance in order to demonstrate a valid reason for delay. We decline to impose that obligation here, where the delay—nine days—was minimal. The police department’s investigation of Huertas for his off-duty conduct was a valid reason for a brief continuance of the trial. Under these circumstances, this short delay does not compel a conclusion that the State had to subpoena Huertas while the internal investigation was pending in order to secure a trial within the six-month deadline. We conclude that the unavailability of the arresting officer was, for purposes of § 46-13-401(2), MCA, good cause for continuing Krenning’s trial nine days beyond the six-month deadline.
¶14 We conclude that Krenning was not denied a speedy trial.[1]
¶15 2. Did the Justice Court deny Krenning a fair trial when it refused to allow him to cross-examine Officer Huertas about the reasons for his administrative leave?
¶16 The Justice Court ruled prior to trial that the defense could not cross-examine Officer Huertas about his administrative leave. We review this evidentiary rulingfor an abuse of discretion. State v. Hicks, 2013 MT 50, ¶ 14, 369 Mont. 165, 296 P.3d 1149. A trial court abuses its discretion when it “acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice.” Hicks, ¶ 14 (citation omitted).
*356 ¶17 A party may offer evidence of a specific instance of the conduct of a witness only if the specific instance of conduct is probative of the witness’s truthfulness. See M. R. Evid. 608(b). If such evidence is probative, the court nonetheless may exclude the evidence if its prejudicial effect would outweigh the probative value. State v. Dunning, 2008 MT 427, ¶ 25, 347 Mont. 443, 198 P.3d 828.
¶18 Krenning provides no facts of record or legal arguments to support his argument that he should have been allowed to cross-examine Huertas on his administrative leave. Instead, Krenning merely attached to his brief a copy of a newspaper article that is not in the record. Krenning has failed to show that the conduct underlying Huertas’s administrative leave is probative of Huertas’s truthfulness.
¶19 We hold that the Justice Court did not abuse its discretion when it refused to allow the defense to cross-examine Officer Huertas about his administrative leave.
¶20 3. Did the Justice Court deny Krenning a fair trial when it allowed Officer Huertas to testify as an expert on horizontal gaze nystagmus (HGN)?
¶21 Krenning contends that the State failed to give the defense adequate notice that it would present Officer Huertas as an expert witness on HGN. Without a showing of an abuse of discretion, we will not disturb a trial court’s determinations on the presentation of expert testimony. State v. DuBray, 2003 MT255, ¶ 38, 317 Mont. 377, 77 P.3d 247.
¶22 The State argues that it notified Krenning’s defense counsel four months prior to trial of its intent to call Huertas as a trial witness and provided counsel a copy of Huertas’s police report describing Huertas’s administration of the HGN test and its results. Krenning does not deny this.
¶23 Section 46-15-322, MCA, does not obligate the State to designate which of its proposed witnesses are experts; the State is required only to disclose the names of the persons it may call as witnesses. Further, a trial court has great latitude to determine whether a police officer’s training is sufficient to allow the officer to testify as an expert on the HGN test. State v. Harris, 2008 MT 213, ¶ 10, 344 Mont. 208, 186 P.3d 1263. In this case, the State elicited Huertas’s testimony that he had completed basic training at the law enforcement academy for conducting field sobriety tests, as well as advanced training in the Advanced Roadside Impaired Driving Enforcement program, the Drug Recognition Expert (DRE) class, and a forty-hour course for DRE instructors.
¶24 We conclude that Krenning was not denied a fair trial when *357 the Justice Court allowed Officer Huertas to testify as an expert on HGN.
¶25 4. Did the Justice Court err in refusing Krenning’s proposed jury instructions on breath test refusal?
¶26 Krenning offered three jury instructions regarding an individual’s right to refuse to submit to breath testing. His third proposed instruction also stated that refusal does not prove the person was under the influence of alcohol or drugs. The Justice Court rejected the three instructions based on the State’s argument that they were inaccurate statements of law.
¶27 The court instructed the jury that a person’s refusal to submit to a breath test is admissible as evidence and may be the basis for an inference that the person was under the influence, but that the inference is rebuttable. That instruction accurately reflected the language of § 61-8-404(2), MCA. A trial court has discretion in formulating jury instructions; we will affirm if, as a whole, the instructions fully and fairly set forth the law applicable to the case. Ammondson v. Northwestern Corp., 2009 MT 331, ¶ 30, 353 Mont. 28, 220 P.3d 1.
¶28 The instructions given to Krenning’s jury do, as a whole, fully and fairly set forth the law applicable to Krenning’s refusal to take a breath test. We hold that the Justice Court did not err in refusing Krenning’s proposed instructions.
¶29 Affirmed.
JUSTICES COTTER, WHEAT and RICE concur.

 The District Court analyzed this issue under the constitutional right to speedy trial, and concluded that the right was not violated. However, Krenning did not raise his constitutional right to speedy trial in Justice Court, where the statutory right applied.