# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        )
                                     )
         v.                   )
                                     )     Case ID#1711010677
MICHAEL T. BARBAS,      )
                                   )
     Defendant.         )

Reserved: February 26, 2019
Decided: April 5, 2019

Stephen McCloskey
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Joseph Hurley, Esquire
Attorney At Law
1215 King Street
Wilmington, DE 19801
*Attorney for Defendant*

# MEMORANDUM AND OPINION ON
# DEFENDANTS MOTION TO SUPPRESS

**SMALLS, C.J.**

## FACTUAL AND PROCEDURAL HISTORY

On November 18, 2017, Michael T. Barbas (hereinafter "Defendant") was arrested for the offenses of Driving a Vehicle Under the Influence of Alcohol, (DUI), in violation of 21 *Del. C.* §4177, and Following a Motor Vehicle Too Closely, in violation of 21 *Del. C.* §4123(a). The facts which gave rise to these proceedings indicate Defendant was operating his motor vehicle in a construction area where traffic was moving at a reduced speed.[1] Defendant rear-ended the vehicle in front of him resulting in police dispatch to the scene.

On January 29, 2018, Defendant filed a Motion to Suppress all evidence obtained as a result of the above mentioned arrest. Defendant argues the suddenness of the vehicles actions in front of him were such that he was unable to stop because of the unexpected situation. Furthermore, Defendant stated to the police officers he was traveling from his workplace at a country club and had participated in a bourbon tasting event immediately prior to leaving work. Defendant argues he was coherent, cognitively alert, prompt with his answers to police, had unimpaired speech and answered all questions asked of him. Lastly, there were no balance difficulties noted by the police officer in the manner that the Defendant stood, which is also captured on the Motor Vehicle Recorder, ("MVR").[2]

On February 26, 2019, the Court held a hearing on Defendant's Motion to Suppress. Delaware State Trooper Owen Cocolin (hereinafter "Cocolin") testified he was

---

[1] Facts taken from Defendant's Motion to Suppress dated January 29, 2019, p.1.
[2] State's *Exhibit 2*.

1

dispatched to an accident on Route 141 around 11:00 p.m. where there had been prolonged construction. When Cocolin arrived, Defendant was outside of his vehicle. Cocolin testified he detected a strong odor of alcohol emitting from Defendant's breath, observed that Defendant had red, glassy eyes, and a flushed face. Further, Defendant admitted to participating in a bourbon tasting earlier that evening.

Based on his observations, Cocolin testified he asked Defendant to complete a Horizontal Gaze Nystagmus Test (HGN). Cocolin testified he received his initial DUI training, which included HGN testing during his police academy in 2012 and also completed a NHTSA Standardized Field Sobriety Testing Refresher/Update Course in 2015.[3] Cocolin testified Defendant failed the HGN test and was unable to complete any further field sobriety tests due to known leg injuries.

Lastly, Cocolin testified he asked Defendant to participate in a Portable Breath Test (PBT) to which Defendant questioned the procedure and its effects if he refused. This conversation continued with arguments back and forth on the possible outcomes of refusing the PBT. With no reconciliation or accepted answers on either side, Cocolin discontinued his attempt to administer the PBT and placed Defendant under arrest for DUI. Defendant was also issued a citation for following too close.

Defense counsel cross-examined Cocolin referring to his HGN training and Defendants injuries. Cocolin testified Defendant did not appear to have any balance issues which was prevalent on the MVR.[4] Defendant also stood very still during the

---

[3] State's *Exhibit 1.*
[4] State's *Exhibit 2.*

HGN test. Lastly, Defendant called three (3) witnesses to testify as to Defendant's injuries. All three (3) witnesses are co-workers of Defendant and testified to his leg and foot injuries stating that Defendant walked with a crutch and a boot during work hours and had issues standing for long periods of time.[5]

On March 21, 2019, Defendant filed a Memorandum regarding the nature of specialized training required to qualify a police witness as an expert in HGN under D.R.E. 702. Defendant argues the eight (8) hour Refresher Course fails to provide an officer as an expert underlying the scientific basis of the HGN test. Defendant sets forth Montana State case law where police witness must have certain qualifications and credentials to testify as an expert in HGN.[6]

## LEGAL STANDARD

On a "motion to suppress, the State must establish, by a preponderance of the evidence, that Defendant's arrest was supported by probable cause."[7] To establish probable cause for a DUI arrest, the state "must present facts which suggest, when those facts are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a DUI offense."[8] This totality consideration is based on "the factual and practical considerations of everyday life on which reasonable and

---

[5] Defendant's *Exhibits 1 and 2* include pictures of a crutch, a boot and uneven pavement.
[6] *Hulse v. State, Dept. of Justice, Motor Vehicle Div.*, 961 P.2d 75 (Mont. 2008), *State v. Harris*, 186 P.3d 1263 (Mont. 2008), *State v. Bollman*, 72 P.3d 650 (Mont. 2012), and *State v. Crawford*, 68 P.3d 848 (Mont. 2003).
[7] *State v. Anderson*, 2010 WL 4056130, at *3 (Del. Super. Oct. 14, 2010).
[8] *Lefebvre v. State*, 19 A.3d 287, 293 (Del. 2011).

3

prudent men, not legal technicians, act."[9] "The Court must examine the totality of circumstances surrounding the situation as viewed through the 'eyes of a reasonable trained police officer in similar circumstances, combining the objective facts with the officer's subjective interpretation of those facts.'"[10]

## DISCUSSION

Defense moves to suppress the evidence in the form of everything that was gathered as a result of Defendant's arrest. Defense is vague in their probable cause analysis within their motion and during the motion hearing.

The first issue is whether the NHTSA Standardized Field Sobriety Testing Refresher/Update course taken by Cocolin qualifies him to administer the HGN test. This Court has previously held "All officers who are responsible for administering the field sobriety tests to any persons believed to be under the influence of alcohol must have completed the National Highway Traffic Safety Administration's (NHTSA) Standardized Field Sobriety Testing and the Horizontal Gaze Nystagmus Course (HGN).[11] With a proper foundation, the HGN test is a reliable indicator of impairment that may be used to assess probable cause.[12] Here, the police officer received proper DUI training while in the police academy and attended a NHTSA Field Sobriety testing refresher course in

---

[9] *State v. Cardona*, 2008 WL 5206771, at *3 (Del. Super. Dec. 3, 2008) (quoting *State v. Maxwell*, 624 A.2d 926, 928 (Del. 1993)).

[10] *State v. Kane*, No. 1210019022, 2014 WL 12684290, at *4 (Del. Com. Pl. Feb. 12, 2014); *See Woody v. State*, 765 A.2d 1257, 1262-64 (Del. 2000).

[11] *State v. Gonzalez-Ortiz*, No. CR.A.06-08-1974, 2007 WL 549907, at *1 (Del. Com. Pl. Jan. 30, 2007).

[12] *State v. Stigars*, No. CR 0709001383, 2009 WL 10674895, at *2 (Del. Com. Pl. Sept. 28, 2009).

4

2015. The Court is satisfied the proper foundation was laid establishing Cocolin's experience and his training is adequate to administer the HGN test.

The second issue is whether Cocolin had probable cause to arrest the Defendant for DUI. It is a generally accepted principle in Delaware, as well as throughout the country, that while probable cause may not rest on mere suspicion, it need not rise to the level necessary to sustain a conviction, nor rest on sufficient evidence to convict.[13] Based on the uncontroverted testimony, Cocolin responded to an accident where Defendant's vehicle "rear-ended" another vehicle in front of him.[14] Upon making contact with Defendant, Cocolin detected a strong odor of alcoholic beverage emanating from the Defendant, which is sufficient for further investigation. A strong odor of alcoholic beverage on the defendant's breath is not an indication of intoxication, but is a factor in determining whether the defendant is under the influence of alcohol.[15] Although a strong odor of alcoholic beverage is not a visible sign of impairment, a police officer is not precluded from making an assessment of impairment based on other sense impressions.[16] Cocolin further testified Defendant's eyes were glassy and red and there was an admission to alcohol consumption earlier that evening.

Therefore, the established factors include an accident consisting of Defendant striking a car in the rear, a strong odor emitting from Defendant's breath, admission to drinking, and red, glassy eyes. Based on these factors, there was reasonable and

---

[13] *State v. Ruthardt*, 680 A.2d 349, 353 (Del. Super. Ct. 1996).
[14] Defendant's Motion to Suppress, p. 1.
[15] *State v. Gonzalez-Ortiz*, No. CR.A.06-08-1974, 2007 WL 549907, at *4 (Del. Com. Pl. Jan. 30, 2007).
[16] *Id.*

5

articulable suspicion to require the Defendant to submit to the HGN test. Therefore, when all these factors are considered collectively and the results of the HGN test is also considered, I find there was probable cause to arrest the defendant for driving under the influence.

Although it is helpful for the Court to review other jurisdictions that have ruled on the specialized training requirement for the HGN test to be administered, Delaware has not adopted the same standards as Montana and those cases cited by Defendant in his memorandum is not persuasive on this issue. The difference here is that the officer is not required to be an expert in HGN, he need only understand the basis of the test, its underlying principles, and completion of the advanced course. The Delaware Supreme Court held "prior to the admission of HGN evidence the State must provide [a] proper foundation ... by presenting testimony from an expert with specialized knowledge and training in HGN testing and its underlying principles.... [A] Delaware police officer with specialized training in HGN will suffice."[17]

ACCORDINGLY, Defendant's Motion to Suppress is DENIED. The clerk shall schedule this case for trial.

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge

---

[17] *Zimmerman v. State*, 693 A.2d 311, 314 (Del. 1997), *as revised* (Apr. 10, 1997) *See also State v. Ruthardt*, 680 A.2d 349, 362 (Del. Super. Ct. 1996).