FILED

06/02/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0478

DA 24-0478

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 120

CITY OF HELENA,

      Plaintiff and Appellee,

  v.

MATTHEW GORDON MAYFIELD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC-2024-73
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Tammy A. Hinderman, Appellate Defender Division Administrator,
Dimitrios Tsolakidis, Assistant Appellate Defender, Helena, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

        Rebecca Dockter, Helena City Attorney, Helena, Montana

    For Amici Foundation for Individual Rights and Expression and American Civil
Liberties Union of Montana:

        Alex Rate, American Civil Liberties Union of Montana, Missoula, Montana

        Jeffrey M. Murphy, Foundation for Individual Rights and Expression,
Philadelphia, Pennsylvania

Submitted on Briefs:  April 22, 2026
Decided:  June 2, 2026

Filed:

_____
Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Matthew Mayfield appeals from the Order of the First Judicial District Court, Lewis and Clark County, which affirmed his misdemeanor conviction of DUI per se from municipal court for operating a noncommercial vehicle with an alcohol concentration of .08 or more under § 61-8-1002(1)(b), MCA. We reverse and remand with instructions to dismiss the charge with prejudice under § 46-13-401(2), MCA.

¶2 On appeal, we address the following issue:

*Whether the City demonstrated good cause under § 46-13-401(2), MCA, for the City-requested continuances that delayed Mayfield's misdemeanor trial beyond the six-month statutory deadline.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On April 22, 2023, around 2:00 a.m., Matthew Mayfield (Mayfield) stopped for gas at the Friendly's Gas Station in Helena, Montana. Nearby, Officer Jordan Seder (Officer Seder) and Officer Jacob Hamilton (Officer Hamilton) of the Helena Police Department were conducting a DUI investigation of an unrelated motorist Brandon Morgan (Morgan). Mayfield stood approximately thirty to forty feet away and observed the scene as Morgan performed a horizontal gaze (HGN) test.

¶4 As the investigation progressed, Morgan began questioning Officer Seder about the results of the eye test and refused to perform an additional "walking test." Mayfield, observing from a distance, signaled to Morgan by making a slashing movement across his throat with his hand. Mayfield then approached the investigation and shouted, "This test needs to come to an end."

2

¶5 Officer Seder warned Mayfield that he would be obstructing if he continued to interfere. Mayfield allegedly responded to the officers by telling them to "get fucked" and calling Officer Seder a "piece of shit." Mayfield also implored Morgan to stop responding to the Officers' questions.

¶6 While Officer Seder continued his investigation of Morgan, Officer Hamilton, the cover officer, engaged Mayfield. The two walked toward Mayfield's car and engaged in a conversation that lasted approximately seven to eight minutes.

¶7 Following the interaction, Officer Hamilton and Officer Seder agreed to arrest Mayfield for obstructing a peace officer. Mayfield continued to use vulgar language towards the Officers.

¶8 After Mayfield was handcuffed and placed in a squad car, Corporal Mark Baker arrived and suggested initiating a DUI investigation against Mayfield. Officer Hamilton initially stated he did not smell alcohol on Mayfield, despite being in close proximity. Later however, Officer Hamilton claimed he smelled a strong odor of alcohol once he was inside the police vehicle with Mayfield.

¶9 The next morning, Hamilton obtained a search warrant for Mayfield's blood which showed a blood alcohol concentration (BAC) of .114.

¶10 On April 24, 2023, Mayfield entered a plea of not guilty to obstructing a peace officer and DUI. At an omnibus hearing on May 24, 2023, Mayfield requested a jury trial. On May 26, 2023, Mayfield filed his first motion to suppress and dismiss, arguing the initial arrest for obstructing was unlawful. On June 1, 2023, the court issued a notice that the jury trial was set for August 3, 2023. On June 20, 2023, following a June 8, 2023

3

hearing, the Municipal Court issued its Findings of Fact and Conclusions of Law denying Mayfield's motion to suppress, finding that probable cause had been established. On July 6, 2023, Mayfield moved to suppress DUI evidence on the grounds that the initial arrest lacked probable cause which the court again denied on July 18, 2023.

¶11 The speedy-trial chronology controls this appeal. On July 20, 2023, the City requested its first continuance of the August 3 trial date because "the City's toxicologist will not be available as she is scheduled to be in another trial and has an additional conflict on the afternoon of the trial date." The City, in its motion, expressly recognized that the speedy-trial deadline was October 21, 2023. Mayfield did not object, and the Municipal Court reset trial for September 14, 2023.

¶12 On September 1, 2023, the City notified Mayfield that it would again seek a continuance because the toxicologist was unavailable. That same day, Mayfield filed an objection, noting that the trial already had been continued once for that reason. Mayfield also filed a motion in limine, challenging the timeliness of the blood draw. On September 7, 2023, the City filed its second motion to continue, stating that "the City's toxicologist is unavailable" and noting it provided Mayfield the blood toxicology results in May 2023, but Mayfield raised no objection until he filed his motion in limine, two weeks before the trial. The City did not explain why the toxicologist was unavailable for the second trial setting. The Municipal Court reset trial for November 9, 2023.

¶13 On September 15, 2023, Mayfield filed a motion to schedule a hearing on his motion in limine and two new motions to suppress evidence—one to suppress evidence obtained

4

pursuant to an improper search warrant and the other to suppress evidence for lack of particularized suspicion. That same day, the court reset the jury trial for November 9, 2023.

¶14 On October 19, 24, and 26, the court issued orders denying Mayfield's newest motions to suppress and his motion in limine. On October 26, 2023, the City became aware of a scheduling conflict with the phlebotomist who drew Mayfield's blood on the date of the incident. The City asked Mayfield to stipulate to the foundational witness, but Mayfield declined. On October 27, 2023, the City filed its third motion to continue because "the City's foundational witness for the chain of custody of the blood sample is out of state and unavailable to testify." The City did not identify the witness, explain why the witness was out of state, state when the witness would return, or describe any effort to secure the witness's attendance. Mayfield objected because he wished to proceed to trial. The Municipal Court granted the motion and reset trial for January 9, 2024.

¶15 On November 22, 2023, with the new trial date eighty days past the statutory speedy trial deadline, Mayfield moved to dismiss for violation of his right to a speedy trial under § 46-13-401(2), MCA. The Municipal Court denied the motion on December 21, 2023, attributing some delay to Mayfield's motions practice and finding good cause based on witness unavailability.

¶16 On January 9, 2024, the City dismissed the obstructing charge and tried Mayfield on the DUI counts. The jury convicted Mayfield of DUI per se under § 61-8-1002(1)(b), MCA. The District Court affirmed. On speedy trial, the District Court correctly concluded that Mayfield's motion practice did not cause the second continuance because "the City moved to continue the trial three times based on unavailability of its witnesses." The

5

District Court nevertheless held that the City showed good cause for each continuance. Mayfield appeals.

## STANDARD OF REVIEW

¶17    On appeal from a municipal court, the district court functions as an intermediate appellate court. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 10, 369 Mont. 81, 296 P.3d 461. When the district court is subsequently appealed, we review the case as if the appeal had originally been filed in this Court and apply the appropriate standard of review. *Cantu*, ¶ 10.

¶18    Whether the statutory misdemeanor speedy-trial right under § 46-13-401(2), MCA, has been violated presents a question of law that we review de novo. *State v. Wolverine*, 2024 MT 31, ¶ 14, 415 Mont. 201, 543 P.3d 597; *City of Red Lodge v. Pepper*, 2016 MT 317, ¶ 12, 385 Mont. 465, 385 P.3d 547. We review any underlying factual findings for clear error. *Pepper*, ¶ 12. A finding is clearly erroneous if substantial evidence does not support it, if the court misapprehended the effect of the evidence, or if our review leaves us with a definite and firm conviction that the court made a mistake. *City of Helena v. Roan*, 2010 MT 29, ¶ 7, 355 Mont. 172, 226 P.3d 601.

¶19    Section 46-13-401(2), MCA, which supplies the governing standard, provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

Thus, a misdemeanor charge must be dismissed with prejudice when the defendant was not brought to trial within six months after entering a plea, unless the trial was postponed on

6

the defendant's motion or the State shows good cause for the delay. Section 46-13-401(2), MCA; *Pepper,* ¶ 14; *State v. Ronningen*, 213 Mont. 358, 360, 691 P.2d 1348, 1349 (1984). The State bears the burden to show good cause. *Wolverine*, ¶ 18; *City of Helena v. Broadwater*, 2014 MT 185, ¶ 19, 375 Mont. 450, 329 P.3d 589. Good cause means a legally sufficient reason for the delay under the totality of the facts and circumstances of the case. *Wolverine*, ¶ 17; *Roan*, ¶ 13.

## DISCUSSION

¶20 *Whether the City demonstrated good cause under § 46-13-401(2), MCA, for the City-requested continuances that delayed Mayfield's misdemeanor trial beyond the six-month statutory deadline.*

¶21 Under § 46-13-401(2), MCA, a misdemeanor charge must be dismissed with prejudice if the defendant was not brought to trial within six months, unless the trial was postponed on the defendant's motion or the State shows "good cause." *Pepper,* ¶ 14. It is undisputed that Mayfield did not move to postpone his trial and that the City requested all three continuances. The District Court agreed, stating that it was "indisputable" that the City moved to continue trial three times based on witness unavailability. The question, then, is whether the City carried its burden to demonstrate good cause for the City-caused delay that carried the trial beyond the six-month deadline. We conclude it did not.

¶22 We have repeatedly found witness unavailability can constitute good cause. *See Pepper*, ¶ 17; *State v. Krenning*, 2016 MT 202, ¶ 12, 384 Mont. 352, 383 P.3d 721; *Roan*, ¶ 14. However, witness unavailability does not establish good cause automatically. The State must provide enough record-supported information to allow the trial court to determine whether the witness's absence supplies a legally sufficient reason for delay

7

under the totality of the circumstances. *Wolverine*, ¶¶ 17-18, 25-26; *Broadwater*, ¶ 19. We find that a conclusory assertion that a witness is "unavailable," without more, does not satisfy that burden.

¶23    We need not decide whether the first continuance, standing alone, satisfied good cause. In its first motion, the City stated that the toxicologist was scheduled to be in another trial and had an additional conflict on the afternoon of the August 3 trial date. Mayfield did not object. That showing had more substance than the City's later motions, though it still provided limited detail. Assuming without deciding that the first continuance was supported by good cause, the City still had to justify the later City-requested continuances that moved Mayfield's trial beyond the six-month deadline.

¶24    The second continuance is dispositive. The Municipal Court attributed the delay associated with the November 9 trial setting to Mayfield's untimely motion practice. The record does not support that attribution. The City notified Mayfield on September 1, 2023, that it intended to seek a continuance because the toxicologist was unavailable. The City then moved on September 7, 2023, to continue the September 14 trial because "the City's toxicologist is unavailable." Mayfield did not file the later untimely suppression motion until September 15, 2023. The City therefore sought the second continuance before the filing that the Municipal Court later identified as the cause of delay. Mayfield's later motion did not cause the City's September 7 request or the resulting trial reset.

¶25    Furthermore, the City's second motion for continuance stated only that the toxicologist was "unavailable." It did not explain why the toxicologist was unavailable, whether the conflict was unavoidable, when the toxicologist would be available, whether

8

the City had attempted to secure an alternative trial date within the statutory period, or what other steps the City took to protect Mayfield's speedy-trial right. A bare assertion of unavailability does not give the trial court a record from which to make a meaningful good-cause determination. *Wolverine*, ¶¶ 25-26; *Broadwater*, ¶ 19.

¶26 The third continuance presents a closer question. The City's October 27 motion stated only that "the City's foundational witness for the chain of custody of the blood sample is out of state and unavailable to testify." The motion did not identify the witness, state why the witness was out of state, explain why the witness could not testify, state when the witness would return, or describe what steps the City took to avoid another continuance. Standing alone, that motion suffered from the same lack of specificity as the second continuance.

¶27 The City later explained that the witness was out of state for training and that Mayfield declined to stipulate to the foundational testimony. We need not decide whether that later explanation, if properly considered, would have established good cause for the third continuance. Even assuming the City showed good cause for the third continuance, that explanation does not cure the second continuance. The second continuance already moved the trial beyond the October 21, 2023 statutory deadline, and the City supported that continuance only with the unexplained assertion that the toxicologist was "unavailable." Likewise, Mayfield's refusal to stipulate does not provide good cause for the earlier delay. A defendant has no obligation to stipulate to adverse foundational testimony to preserve the statutory right to a speedy misdemeanor trial.

¶28　The City's stipulation effort may bear on its diligence as to the third continuance, but it does not explain the toxicologist's second unexplained unavailability and cannot supply good cause for all City-caused delay beyond the statutory deadline. *Wolverine* and *Broadwater* control the level of specificity required to establish good cause for a continuance, establishing that vague, formulaic reasons and boilerplate excuses cannot establish good cause. In *Wolverine*, the State sought a continuance because the defendant was "in federal custody." *Wolverine*, ¶ 6. We held that explanation insufficient because the State did not identify the jurisdiction holding the defendant, when she would be released, or what the State had done to secure her presence. *Wolverine*, ¶¶ 25-26. In *Broadwater*, we rejected a "crowded docket" explanation because the City presented no evidence of steps it took to ensure a timely trial and because accepting such a generalized reason would allow the exception to swallow the statutory rule. *Broadwater*, ¶¶ 18-19.

¶29　The same principle applies here. At least as to the second continuance, "the City's toxicologist is unavailable" was a conclusion, not a legally sufficient explanation. The statement left the court to presume good cause rather than determine it. Section 46-13-401(2), MCA, requires the State to show good cause; it does not require the defendant to disprove it. *Wolverine*, ¶ 18; *Broadwater*, ¶ 19.

¶30　The City's contrary authorities do not support affirmance. In *Roan*, the record showed that the witness was undergoing a difficult pregnancy, which clearly established good cause under the circumstances. *Roan*, ¶ 14. In *Pepper*, the City explained that a witness had moved to Arizona and that it needed additional time to purchase an airline ticket. *Pepper*, ¶¶ 8-9, 17. In *Krenning*, the State explained that the arresting officer was

10

on paid administrative leave because of an internal investigation into his off-duty conduct. *Krenning*, ¶¶ 4, 12-13. In *State v. Knippel*, 2018 MT 144, ¶¶ 14-18, 391 Mont. 495, 419 P.3d 1229, the record showed that the victim had moved to Colorado, refused to testify in person, and required a deposition procedure. In *State v. Johnso*n, 2000 MT 180, ¶¶ 9, 20, 300 Mont. 367, 4 P.3d 654, the State identified why its witnesses were unavailable and when they would return.

¶31 Those cases share a common feature missing here: the prosecution gave the trial court a concrete explanation for the witness's absence. Here, the City did not do that for the second continuance. Because the second continuance independently moved trial beyond the statutory deadline without an adequate good-cause showing, we need not decide whether the City's later explanation would have justified the third continuance. The City's generalized witness-unavailability assertions in its second motion to continue resemble *Wolverine* and *Broadwater* more than *Roan*, *Pepper*, *Krenning*, *Knippel*, or *Johnson*.

¶32 The City also argues Mayfield waived his specificity challenge because he did not demand a fuller explanation when he objected to the continuances. We disagree. Mayfield moved to dismiss under § 46-13-401(2), MCA, and argued that the City had not shown good cause for delaying trial beyond six months. That motion preserved the issue. More fundamentally, § 46-13-401(2), MCA, places the burden on the State to show good cause. *Wolverine*, ¶ 18; *Broadwater*, ¶ 19. The defendant need not identify every missing fact in the State's continuance motion before invoking the statute's mandatory remedy.

¶33 The District Court's totality-of-the-circumstances rationale swept too broadly. Witness necessity matters, but necessity alone does not explain absence. The City's

11

stipulation effort may bear on its diligence as to the third continuance, but it does not justify the second continuance. Because the City failed to show good cause for all City-caused delay beyond the six-month deadline, § 46-13-401(2), MCA, required dismissal with prejudice.

¶34 Mayfield also argues that the officers arrested him without probable cause and in violation of his right to free speech, and that the DUI evidence should have been suppressed as fruit of the unlawful arrest. Because § 46-13-401(2), MCA, requires dismissal with prejudice, any opinion on the suppression issue would not affect the disposition. We therefore decline to address Mayfield's constitutional and probable cause arguments. *See State v. Spagnolo*, 2022 MT 228, ¶ 10, 410 Mont. 457, 520 P.3d 330 (explaining that this Court avoids constitutional questions when a case can be decided on nonconstitutional grounds).

## CONCLUSION

¶35 Under these circumstances we find that the City failed to carry its burden to show good cause for the delays beyond the six-month statutory speedy-trial deadline. Accordingly, we reverse the District Court's order affirming the Municipal Court and remand with instructions to dismiss the charge with prejudice.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON

12